112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George M. DAVILA; Christine Davila, Plaintiffs-Appellees,
v.
Franklin M. PERELMAN, aka: Frank M. Perelman, Defendant-Appellant.
 No. 96-55405.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin Perelman appeals pro se the district court's order awarding George and Christina Davila $26,948.61 in attorneys' fees on the Davilas' action for slander of title and negligent interference with economic relationship or prospective economic advantage. We affirm.
 
 I.
 
 3
 We decline to address the eight issues Perelman purports to raise on appeal, because all eight issues address the merits of the district court's original judgment and award of attorneys' fees, not the propriety of the district court's denial of Perelman's motion to reconsider. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We are limited in this appeal to determining whether the district court abused its discretion in denying the motion to reconsider. Id.
 
 II.
 
 4
 Whether the motion is considered as a Rule 59(e) or Rule 60(b) motion, the district court did not abuse its discretion in denying Perelman's motion to reconsider. Construed as a Rule 59(e) motion, which permits a district court to reconsider an order when a party demonstrates that the order is clearly erroneous or manifestly unjust, see School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255 (9th Cir.1993), Perelman's motion is untimely: a Rule 59(e) motion must be served not later than 10 days after entry of judgment, and Perelman waited eighty days after the district court's attorneys' fees award was entered to file his motion.
 
 
 5
 Construed as a Rule 60(b) motion, Perelman's motion to reconsider also fails. Rule 60(b) provides for reconsideration only upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991) (citation omitted). Perelman has not made, nor has he attempted to make, such a showing.
 
 III.
 
 6
 The district court's award of attorney's fees is AFFIRMED.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3